CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶67 I concur in the Court’s opinion except as to issue 4, which is correctly stated as whether the District Court erred in subjecting Robert’s salary to automatic wage withholding in order to satisfy his maintenance obligation. I dissent from the Court’s opinion on that issue in its entirety, and would reverse the District Court.
¶68 The Court’s quote from the Disti’ict Court’s order on this issue is correct; the trial court ordered that Robert’s “present maintenance obligations should be paid via wage withholding order.” Sadly, very little of the Court’s subsequent discussion of the wage withholding issue bears any relationship to the case before us.
¶69 In ¶ 47, the Court properly notes that the trial court did not cite specific authority for its wage withholding decision. While correct, the Court’s statement is irrelevant because no requirement exists that a trial court do so.
¶70 The remainder of ¶ 47 and subsequent paragraphs-upon which the Court bases its decision that the District Court did not err in this regard-are laced with error. Rather than address the issue as presented to us by both parties to this appeal, the Court at ¶ 47 “discovers” § 40-4-207, MCA, and holds-on that basis-that the District Court did not err. The problem with this approach is that the Court has done extra work on Brenda’s behalf by locating this statute and premising its decision thereon. Neither party raises this statute for the Court’s consideration; nor did Brenda raise it in the trial court. Indeed, the District Court did not require Robert to assign his income under § 40-4-207, MCA. The trial court required wage withholding and, under any rational reading of the statute related thereto, the trial court clearly erred in doing so.
¶71 The Court never addresses the arguments and authorities Robert presents. Instead, it sua sponte introduces § 40-4-207, MCA, into this appeal, apparently because it does not like the result which would be necessary if it relied on the parties’ arguments. In taking this approach, I submit that the Court has become an advocate for Brenda, and has violated Robert’s due process rights. *248 ¶72 The Court makes additional objectionable statements in ¶ 48. It states that Robert’s repeated failure to pay maintenance “is proper grounds for an order requiring him to assign wages under § 40-4-207, MCA.” This may be true, but the District Court clearly did not require the “assignment” of Robert’s wages pursuant to the statute; it clearly did subject Robert’s income to “wage withholding.” The two are not the same, and the effect of the Court’s decision here is to retry the case, reformulate the District Court’s decision-notwithstanding its correct statement of the issue as relating to “wage withholding”-and decide on its own that § 40-4-207, MCA, applies in this case.
¶73 The Court also states that the trial court “had the power” to require a wage assignment by Robert. True again; but the trial court did not do so.
¶74 I dissent from the Court’s decision, which permits Brenda to prevail without ever addressing the actual basis of Robert’s appeal on this issue. If this is to be this Court’s practice on a “when we feel like it,” “hit or miss,” “because we can” basis, it does an enormous disservice to particular parties in certain-but only a few-cases. If this is to be the Court’s general practice in deciding cases on appeal, we will be taking cases from parties and trial courts generally and doing our own research-whether or not the theory is presented on appeal-to reach results which are more to the Court’s liking. I will not be part of it.